UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| SHIFT4 PAYMENTS, LLC and JARED ISAACMAN,<br><br>          Plaintiffs,<br><br>vs.<br><br>JAREDISAACMANCOURTCASE.COM; CLOUDFLARE, INC., a Delaware Corporation; JOHN DOES 1-10, fictious individuals responsible for registering and creating JaredIsaacmanCourtCase.com, AIGeneratedBooks.org and TheLuckyTrigger.com; and ABC CORPORATIONS 1-10, fictious entities responsible for registering and creating JaredIsaacmanCourtCase.com, AIGeneratedBooks.org and TheLuckyTrigger.com,<br><br>          Defendants. | Civil Action No. 5:25-cv-06724-JST<br><br>**TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE, ORDER SETTING HEARING ON PRELIMINARY INJUNCTION, AND ORDER GRANTING EXPEDITED DISCOVERY** |

**ORDER**

UPON CONSIDERATION of the Motion filed by Plaintiffs Shift4 Payments, LLC and Jared Isaacman for a temporary restraining order, preliminary injunction, and expedited discovery, supporting points and authorities, the evidence, the record in this case, and for other good cause shown, it is:

**ORDERED:**

1. Plaintiffs' Motion for Temporary Restraining Order is **GRANTED;** and

2. Pending the entry of a preliminary injunction, the Registrant, its officers, agents, servants, employees, and attorneys, and all those acting in concert or participation with them, are **TEMPORARILY RESTRAINED** from:

    a. Operating or using the Domain Names JaredIsaacmancourtcase.com; AIGeneratedBooks.org and TheLuckyTrigger.com and

    b. Taking any actions to transfer, sell, copy, transmit, or otherwise dispose of the Domain Name from the current Registrar, Cloudflare Inc. and Hostinger US Inc. to any other registrar or to any other entity.

**IT IS FURTHER ORDERED** that within three days of receipt of this Order, domain name registries Cloudflare Inc. and Hostinger US Inc. and/or the individual registrars holding or listing one or more of the domain names herein shall temporarily disable these domain names, or any subset of these domain names specified by Plaintiffs, through a registry hold or otherwise, and make them inactive and nontransferable pending further Order of this Court.

**IT IS FURTHER ORDERED** that within three days of receipt of this Order, Cloudflare, Inc. and Hostinger US Inc. shall cease providing any services, including but not limited to content delivery network and Domain Name System service, to Defendants' websites and lock Defendants' accounts to prevent Defendants from frustrating the above domain lock provision by redirecting traffic intended for the disabled website(s) to different websites.

**IT IS FURTHER ORDERED** that Plaintiffs may immediately serve discovery on Cloudflare Inc. and Hostinger US Inc. to discover: (1) the identity of the host of

JaredIsaacman.com; (2) the identity of the host of AIGeneratedBooks.org; (3) the identity of the host of TheLuckyTrigger.com; (4) the identity of the registrant of JaredIsaacman.com; (5) the identity of the registrant of AIGeneratedBooks.org; (6) the identity of the registrant of TheLuckyTrigger.com; and (7) providers of any and all services for the domains, including but not limited to email services, social media services, and online content management services.

**IT IS FURTHER ORDERED** that entry of this Order is appropriate, even though Plaintiffs only notified Defendant Cloudflare, Inc. (and not the other Defendants), because Plaintiffs are unaware of the identity of those other Defendants. *See* Fed. R. Civ. P. 65(b)(2); *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citation omitted) (one "circumstance justifying the issuance of an ex parte TRO" is when "notice to the adverse party is impossible . . . because the identity of the adverse party is unknown").

**IT IS FURTHER ORDERED** that without this Order, Defendants' operation of JaredIsaacmanCourtCase.com will cause Plaintiffs to suffer harm to their reputation and goodwill. This harm would be irreparable because as the defamatory claims about Plaintiffs spread throughout the internet, it would be impossible to identify all of the persons whom the information reached or to tell them that the information was false.

**IT IS FURTHER ORDERED** pursuant to Rule 65(c), the Court will set the bond amount that the Plaintiffs must post as security at $50,000.

**IT IS FURTHER ORDERED** pursuant to Rule 65(b)(3), this matter is set for a preliminary injunction hearing on September 9, 2025 at 10:00 a.m.. Defendants shall appear on that date and time to show cause, if any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint, enjoining Defendants from conduct temporarily restrained by the preceding provisions of this Order. Plaintiffs' moving papers for a preliminary injunction shall be filed no later than _September 1, 2025; opposition papers to Plaintiffs' request for a preliminary injunction shall be filed by TRO Defendants no later than September 5, 2025;

/ / /

/ / /

/ / /

1  Plaintiffs may file a reply in support of their motion for preliminary injunction no later than
2  September 8, 2025 at noon.
3  **IT IS SO ORDERED.**

5  Date: August 27, 2025

6  Time: 4:00 p.m.

JON S. TIGAR
UNITED STATES DISTRICT JUDGE